## Robert Grant, Plaintiff in Error, v. Ralph Cudney, Defendant in Error.

### Gen. No. 16,838.

1. SALES—*evidence*. Where a salesman testifies that an absolute sale of a rug was made, and the alleged purchaser testifies that it was delivered without his order and that on inquiry as to such delivery, he was informed he need not retain the rug, unless he could make it harmonize with his other rugs and that he returned it as unsatisfactory, the case turning largely upon the credibility of the witnesses, a verdict for the alleged purchaser will be sustained.

2. EVIDENCE—*expert*. Where the statement of claim is "for value of rug" alleged to have been sold, the alleged purchaser may introduce expert testimony, as to the value of the rug, though the plaintiff on the trial may have changed the theory of his claim.

Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

WILLIAM A. ANDERSON, for plaintiff in error.

HAYES McKINNEY, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Robert Grant, hereinafter called plaintiff, brought suit against Ralph Cudney, hereinafter called defendant, to recover the value of a rug claimed to have been sold by plaintiff to defendant. A trial by jury was had, which returned a verdict for the defendant, and judgment was entered thereon. It is argued that this judgment should be reversed, as the verdict is contrary to the evidence. It was admitted that plaintiff delivered the rug in question to defendant's home, and that it was subsequently returned to the plaintiff, but the circumstances of the transaction are in dispute.

The salesman in plaintiff's employ, who dealt with defendant, testified that it was delivered to defendant upon an express agreement by defendant to pay $300 for it. This is denied by defendant, whose version is, that he told the salesman that he did not want the rug; that it was "more flashy in color and would not harmonize with the rugs I had bought of him, and I did not want it and could not use it;" that the salesman represented that if the rug was used some it would be all right; that he offered to send it to defendant's house and "you can have your houseman to lay it in the sun and sprinkle it with water for three or four days and that will subdue the colors and make you a very fine rug of it;" that defendant replied: "I don't want to experiment with the rug; if it suited me I would buy it, but it don't suit me now;" that nothing was said about price. Subsequently, the rug was delivered to defendant's house during his absence, and the next day he called on the salesman and asked him why he had sent the rug up, and was told that he, the defendant, should experiment with the rug by laying it in the sun and wetting it; that he replied: "I am not experimenting with it at my expense. I will not accept any responsibility;" that the salesman said to lay it in the sun and sprinkle it and that the sun and water would mellow the tones of the rug, and it would harmonize with the other rugs, and that if it was satisfactory after this experiment, they would try and trade with the defendant on the rug; that upon these conditions the rug remained at defendant's house for several weeks, but the colors not proving true and it being defective in other ways, it was returned to plaintiff. There was much more testimony touching the same matter.

This was a case turning largely upon the credibility of the witnesses, and, therefore, was one peculiarly for the jury. From a consideration of the entire testimony, we are not able to conclude that the verdict of the jury was incorrect.

It is urged that it was error for the court to permit expert testimony as to the value of the rug. Plaintiff's statement of claim was "for value of one rug," etc. This made it proper to admit testimony as to value, although plaintiff, on the trial, may have changed the theory of his claim. The expert testifying for defendant seems to have been qualified. Other errors are urged which, in any event, would not justify a reversal.

Holding, as we do, that the verdict is not contrary to the weight of the evidence, and finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*